UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

**FILED - GR**
August 10, 2022 12:50 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW SCANNED BY: JW / 8-11

Dandre Jamal White, # 591002

(Enter above the full name of the plaintiff(s), including prisoner number, in this action. If you cannot list all plaintiffs in the space provided, please write "see attached" and list all names on an additional page.)

1:22-cv-721
Sally J. Berens
U.S. Magistrate Judge

v.

Michigan Department of Corrections
T. Rikker (Correctional Officer)
A. Doane (Correctional Officer)
Hugge (Medical Provider At ICF)

(Enter above the full name of the defendant(s) in this action. If you cannot list all defendants in the space provided, please write "see attached" and list all names on an additional page.)

**COMPLAINT**
*(Print Clearly)*

I. **Previous Lawsuits**
   **CAUTION:** The Prison Litigation Reform Act has resulted in substantial changes in the ability of incarcerated individuals to initiate lawsuits in federal courts without prepayment of the civil action filing fee. Accurate and complete responses are required concerning your litigation history. Generally, a plaintiff's failure to accurately and completely answer the questions set forth below will result in denial of the privilege of proceeding *in forma pauperis* and require you to pay the entire $402.00 filing fee regardless of whether your complaint is dismissed.

   A. Have you ever filed a lawsuit while incarcerated or detained in any prison or jail facility?   Yes ☐   No ☒

   B. If your answer to question A was yes, for each lawsuit you have filed you must answer questions 1 through 5 below. Attach additional sheets as necessary to answer questions 1 through 5 below with regard to each lawsuit.

   1. Identify the court in which the lawsuit was filed. If it was a state court, identify the county in which the suit was filed. If the lawsuit was filed in federal court, identify the district within which the lawsuit was filed.

   2. Is the action still pending?   Yes ☐   No ☒
      a. If your answer was no, state precisely how the action was resolved: _____

   3. Did you appeal the decision?   Yes ☐   No ☒
   4. Is the appeal still pending?   Yes ☐   No ☒
      a. If not pending, what was the decision on appeal? _____

   5. Was the previous lawsuit based upon the same or similar facts asserted in this lawsuit? Yes ☐   No ☐
      a. If so, explain: _____

- 2 -

(W.D. Mich. Form – Last Revised: September 2021)

## II. Parties

### A. Plaintiff(s)

Enter your name, place of confinement, address, and place of confinement during the events described in the complaint in the blanks below. Provide the same information for any additional plaintiffs. Attach extra sheets as necessary.

Name of Plaintiff **D'Andre Jamal White #591002**

Place of Present Confinement **Ionia Maximum Correctional Facility**

Address **1576 W. Bluewater Hwy, Ionia Mi. 48846**

Place of Confinement During Events Described in Complaint **Ionia Maximum Correctional Facility**

### B. Defendant(s)

Complete the information requested below for each defendant in this action, including whether you are suing each defendant in an official and/or personal capacity. Provide the same information for each additional defendant. If there are more than six defendants attach extra sheets as necessary.

Name of Defendant #1 **T. Rikkers**
Position or Title **Correctional Officer E-9**
Place of Employment **Ionia Maximum Correctional Facility**
Address **1576 W Bluewater Hwy, Ionia, Mi. 48846**
Official and/or personal capacity? **Official & Personal**

Name of Defendant #2 **A. Doane**
Position or Title **Correctional Officer E-9**
Place of Employment **Ionia Correctional Facility**
Address **1576 W Bluewater Hwy, Ionia, Mi. 48846**
Official and/or personal capacity? **Official & Personal**

Name of Defendant #3 **Hugge**
Position or Title **Medical Provider**
Place of Employment **Ionia Maximum Correctional Facility**
Address **1576 W Bluewater Hwy, Ionia, Mi. 48846**
Official and/or personal capacity? **Official & Personal**

Name of Defendant #4 _____
Position or Title _____
Place of Employment _____
Address _____
Official and/or personal capacity? _____

Name of Defendant #5 _____
Position or Title _____
Place of Employment _____
Address _____
Official and/or personal capacity? _____

### III. Statement of Claim

State here the **facts** of your case. Describe how each defendant is personally involved. Include also the names of other persons involved, dates and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. **Do not include unrelated claims.** Use as much space as you need. Attach extra sheets if necessary.

1) On March 17, 2022 at approx. 7:30am I was transported to a scheduled court appearance at the 12th District Court of Jackson. The MDOC Transportation Officers responsible for the safe and secure transport to and from court were Officers T. Rikkers clock #1090307 and Officer A. Doane clock #1128460.

Upon arrival to the 12th District Courthouse, after a nearly 2 hour drive I requested to use the bathroom. At which time I was escorted to the bathroom designated for prisoners, where I preceeded to request Officer T. Rikkers & A. Doane to remove one handcuff so that I could properly clean myself after defacating. Officer T. Rikkers then told me verbatim "I don't give a fuck if you wipe your ass or not, you can walk around shitty all day for all I care. Seeing as I was shackled in the front from my hands to my ankles I requested to speak to my attorney due to the cruel & unusual punishment I was being subject to.

Officer T. Rikkers then told me you have now forfeited your bathroom break, get the fuck out. When I asked why he was treating me with such hostility Officer T. Rikkers preceeded to continue to elevate his voice drawing the attention of the Jackson County Deputies. At this time with a crowd forming officer T. Rikkers gralbed me by my throat and threw me to the ground while kicking me repeatedly. Being in fear for my own safety I cowered in the corner refusing to leave or move without my attorney present. At this time both Officer Rikkers & Doane along with the Jackson County Deputies dragged me by my arms & legs across the floor from the restroom to the holding cell, which can be seen on camera.

(Please See Attached Pages.)

Statement of Claim cont.                                              Page 2

2) After the incident with transportation officers & county Deputies my attorney Mr. Kareem Johnson came to speak with me. During the time my counsel was attempting to speak with me Officer A. Doane & County Deputies refused to allow me to answer my counsel's questions by interjecting answers of their own. Therefore violating my V & VI amendment Right to Counsel. As well as violating Attorney-Client confidentiality when they refused to allow us to speak outside of there immanent presence.

3) After arriving back to my housing facility I informed the on-shift nurse that I was in insufferable amounts of pain. At which time the on-shift LT. took pictures of the injuries I had sustained and wrote an incident report. However these pictures were never produced regardless of multiple requests.

    Subsequently I was transported to Sparrow Hospital located in Ionia Michigan. While there X-rays were taken and the Physician made a request for follow up care within one week due to inflammation and bruising. However I was not seen for follow up care by the facility Medical Provider for approximately 12 days. At which time Medical Provider Hugge refused to acknowledge or treat the injuries sustained as a direct result of the brutal assault on March 17, 2022. Instead MP Hugge attempted to tell me that the pain is a result of a 20 year old injury. The Medical Provider Hugge refused to acknowledge what two registered nurses on his medical team had already acknowledged.

Page 3

Nurses Amie Gaskill RN, and Angela Tuin RN, both agreed that my clavical bone was protruding from my shoulder in what seemed to be an unusual manner.

4) Officer A. Doane has attempted to cause undue mental, emotional and/or physical distress through means of defamation of character by means of blatant lies and misconducts. Where Officer A. Doane said in his Critical Incident Participant Report that "I was kicking out towards Officer Rikkers while he attempted to help me to my feet." However Officer Rikkers states in his own Critical Incident Participant Report that "he and two court security officers grabbed my arms & legs and proceeded to carry me to a holding cell without further incident."

I have done everything in my power to exhaust all available administrative remedies. Despite attempts to impede and/or thwart my ability to satisfactorily meet the requirements of The Prison Litigation Reform Act. I have filed all available Step 1 and 2 grievances. An attempt to file my Step 3 grievance was made on April 21st 2022 however due to conducing efforts on the part of MDOC employees the Step 3 grievance was never recieved at the final level of appeal. An attempt to file for the second time was done after not recieving a response to the after-mentioned Step 3 grievance once the time for response has expired on 7-13-2022.

## IV. Relief

State briefly and precisely what you want the court to do for you.

Plaintiff White respectfully requests that this Honorable Tribunal/Court enter a Judgement granting the Plaintiff a declaration that the acts and omissions described herein Violate his 5th, 6th, ₹8th amendments, under the Constitution of The United States and a Preliminary ₹ Permanent Injunction ordering the defendant to cease their physical Violence and threats toward Plaintiff White ₹. doctor Hugge. for medical malpractice. Also granting Monetary Relief for Compensatory damages in the amount of $75,000 against each defendant.

## V. Notice to Plaintiff Regarding Consent

In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, you are hereby notified that the United States magistrate judges of this district court may, upon your consent, conduct any or all proceedings in this case, including a jury trial and entry of a final judgment. If you consent, any appeal from a judgment entered by a magistrate judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of a district court.

Magistrate judges have greater flexibility in their schedules than district judges, who have heavy criminal caseloads that take priority over civil trials. Accordingly, the magistrate judges are generally able to schedule prisoner civil rights cases for jury trial much sooner, and they are able to provide firm trial dates. Magistrate judges are experienced trial judges who handle a great number of prisoner civil rights cases.

Your decision to consent to the dispositive jurisdiction of a United States magistrate is entirely voluntary. If you do not consent to a magistrate judge, the case will be randomly assigned to a district judge. The magistrate judge already assigned to this case would continue to decide all pretrial matters and would handle all dispositive motions by report and recommendation.

Please check **ONE** box below to indicate whether you voluntarily consent to proceed with a United States magistrate judge or if you would instead prefer that the case be assigned to a district judge.

[X] I hereby voluntarily consent to the United States magistrate judge conducting all proceedings in this case, including entry of a final judgment and all post-judgment matters.

[ ] I request that this case be assigned to a district judge.

8-3-22
Date

D'Andre White
Signature of Plaintiff

## NOTICE TO PLAINTIFF(S)

The failure of a *pro se* litigant to keep the court apprised of an address change may be considered cause for dismissal.

D'Andre White
591002
1576 W. Bluewater Hwy
Ionia, MI, 48846

U.S. D
399 F
110 N
Grand



District Court
Federal Building
Michigan St. NW
Rapids, MI 49503