UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D'ANDRE WHITE #838715,

        Plaintiff,                             Hon. Robert J. Jonker

v.                                              Case No. 1:22-cv-721

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before me on the Motion for Summary Judgment on the Basis of Exhaustion filed by Defendants Todd Rikker and Andrew Doane. (ECF No. 23.) Plaintiff has failed to respond to Defendants' motion within the time permitted by Western District of Michigan Local Civil Rule 7.2(c).[1] Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the motion of Defendants Rikker and Doane be **granted** and that Plaintiff's claim against them be **dismissed without prejudice**.

Plaintiff, a prisoner currently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF), filed a complaint against Defendants Rikker and Doane on August 10, 2022, alleging claims pursuant to 42 U.S.C. § 1983 based on events that occurred at ICF. Pursuant to the "mailbox rule" applicable to incarcerated individuals when they file claims brought under Section 1983, *see Aldridge v. Gill*, 24 F. App'x 428, 429 (6th Cir. 2001)

---

[1] Although Plaintiff is proceeding pro se, he is still expected to comply with the applicable court rules. *See Strohmeyer v. Chase Bank USA, N.A.*, No. 3:17-cv-443, 2018 WL 2669991, at *2 (E.D. Tenn. June 4, 2018) ("It is correct that pro se parties are expected to comply with the rules of procedure just as parties represented by counsel must do."); *Jones v. Graley,* No. 2:05-cv-773, 2006 WL 1697637, at *1 (S.D. Ohio June 20, 2006) (although federal courts have treated pro se litigants more leniently, they "are still expected to comply with the procedural rules of the court").

(citing *Cooper v. Brookshire*, 70 F.3d 377, 378 (5th Cir. 1995)), Plaintiff's complaint is deemed filed even earlier, on August 5, 2022—the postmark date on the envelope containing the complaint. (ECF No. 1 at PageID.8.)

Following initial review by the Court pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A and 42 U.S.C. § 1997e(c), Plaintiff's remaining claims are his: (1) Sixth Amendment claim against Doane for interfering with his right to counsel; and (2) Eighth Amendment excessive force claims against Rikker and Doane.[2] (ECF No. 5 at PageID.25.) Plaintiff alleges that Defendants Rikker and Doane used excessive force on him on March 17, 2022, at the 12th District Court in Jackson, Michigan, and that Defendant Doane interfered with Plaintiff's right to counsel during that incident. (ECF No. 1 at PageID.3.) Plaintiff alleges that he sustained injury from the force and that upon his return to ICF, he was transported to Sparrow Hospital in Ionia, Michigan.

Defendants Rikker and Doane move for summary judgment based on Plaintiff's failure to exhaust his administrative remedies. Generally, where the non-moving party fails to respond to a motion for summary judgment, "the district court must, at a minimum, examine the moving party's motion for summary judgment to ensure that it has discharged its initial burden." *Miller v. Shore Fin. Servs., Inc.*, 141 F. App'x 417, 419 (6th Cir. 2005) (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998)). In addition, because failure to exhaust is an affirmative defense upon which Defendant bears the burden of proof, *see Jones v. Bock*, 549 U.S. 199, 216 (2007), the Court must ensure that "no reasonable trier of fact could find other than for [Defendants]." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).

---

[2] Plaintiff's Eighth Amendment claim against Defendant Huyge was dismissed without prejudice for lack of exhaustion on January 17, 2023. (ECF No. 25.)

2

The Supreme Court has held that a prisoner properly exhausts a claim for purposes of 42 U.S.C. § 1997e(a) by complying with the prison's "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Jones*, the Court reiterated:

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Jones*, 549 U.S. at 218. A prisoner incarcerated with the MDOC must "pursue a grievance through all three steps of the grievance process [set forth in MDOC Policy Directive 03.02.130]." *Weatherspoon v. Strahan*, No. 18-2210, 2019 WL 5306842, at *1 (6th Cir. June 4, 2019). This process must be completed at all levels prior to filing an action in federal court. *Freeman v Francis*, 196 F.3d 641, 645 (6th Cir. 1999).

In support of their motion, Defendants attach a Step III Grievance Report dated January 3, 2023, showing grievances that Plaintiff exhausted through Step III through that date. (ECF No. 24-3.) The Step III report shows that Plaintiff pursued one grievance through Step III arising out of ICF, being Grievance ICF-22-03-0323-28e. The Step III report shows that the grievance was received at Step I on March 17, 2022, and was received at Step III on June 7, 2022. (*Id.* at PageID.130.) The report further shows that Plaintiff's Step III appeal had not been resolved as of August 29, 2022. (*Id.*) In fact, Plaintiff has conceded that the Step III appeal was not resolved until October 4, 2022, when it was rejected for failure to include the Step II response. (ECF No. 12 at PageID.52; ECF No. 12-1 at PageID.59.)

Defendants have demonstrated that Plaintiff failed to properly exhaust his claims against them. As Plaintiff concedes, he did not receive the Step III response prior to filing his complaint in this action. Proper exhaustion requires that the prisoner complete the administrative process before filing his complaint. *See Freeman*, 196 F.3d at 645 (stating that "we must dismiss plaintiff's

complaint because he filed his federal complaint before allowing the administrative process to be completed"); *Larkins v. Wilkinson*, No. 97-4183, 1998 WL 898870, at *2 (6th Cir. Dec. 17, 1998) (holding that the prisoner's "attempt to exhaust his available administrative remedies only after filing suit in federal court ignore[d] the clear mandate of § 1997e(a)"). As noted above, Plaintiff filed his complaint on August 5, 2022 (at the latest August 10, 2022), before he had received a Step III response from the MDOC for the grievance reflected in his Step III report and before the time allowed by the MDOC grievance policy for review of Step III appeals had expired. Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ II. Therefore, Plaintiff's claims against Defendants are not fully exhausted and are subject to dismissal without prejudice.

## CONCLUSION

For the foregoing reasons, I recommend that the motion of Defendants Rikker and Doane for summary judgment (ECF No. 23) be **granted**, that Plaintiff's claims against them be **dismissed without prejudice**, and that a judgment be entered in favor of Defendants.

Dated: February 15, 2023 /s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).